# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| NATIONWIDE ASSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) KING OF KINGS, LLC, ) ) Defendant. ) | Civil Action No. _____<br>JURY DEMANDED |

## NOTICE OF REMOVAL

The Defendant, King of Kings, LLC ("Defendant"), by and through counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby submits this Notice of Removal to this Court. As grounds for this removal, Defendant respectfully states as follows:

### INTRODUCTION

1. This is a property insurance action that arises from a severe storm event that occurred on March 30, 2022, resulting in damage to many of Defendant's insured properties.

2. On April 14, 2023, Plaintiff Nationwide Assurance Company ("Plaintiff") filed a Complaint for Declaratory Judgment against King of Kings, LLC in the Chancery Court for Knox County, Tennessee, at Knoxville, as Case No. 206655-2. The Chancery Court for Knox County is a Tennessee state court within this judicial district and division.

3. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all pleadings in Defendant's possession that have been filed in the state court pertaining to this matter as of this date, including the Complaint and exhibits thereto, is attached collectively as *Exhibit 1*.

4. Defendant was served with a copy of the Complaint on April 18, 2023. As such, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

5. Additionally, this Notice is timely because it is filed within one year after commencement of the action under 28 U.S.C. § 1446(c)(1).

## DIVERSITY JURISDICTION

6. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides, in relevant part, as follows

> **(a) Generally.** Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> **(b) Removal based on diversity of citizenship.**
>
> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441.

7. This action is properly removable under 28 U.S.C. § 1441 (a) and (b) because the United States District Court has jurisdiction of this case under 28 U.S.C. § 1332(a), which provides, in relevant part, as follows:

> **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> **(1)** Citizens of different States …

28 U.S.C. § 1332.

2

8. Plaintiff Nationwide Assurance Company is an insurance company conducting business in the State of Tennessee. Plaintiff's principal place of business is located in the State of Ohio, and Plaintiff is organized under the laws of the State of Ohio.

9. Defendant King of Kings, LLC is a single-member Tennessee limited liability company with its principal office located in Knoxville, Knox County, Tennessee. Defendant's sole member is a citizen and resident of the State of Tennessee.

10. Accordingly, the diversity of citizenship requirement is met in this case.

## AMOUNT IN CONTROVERSY

11. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

12. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir. 2011) (citation omitted). Indeed, "[w]here a party seeks a declaratory judgment, 'the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation.'" *Id.* (quoting *LoDal, Inc. v. Home Ins. Co.*, No. 95-2187, 1998 U.S. App. LEXIS 12841 [published in full-text format] at *6 (6th Cir. June 12, 1998)).

13. Concerning declaratory judgment actions involving insurance policies, courts typically hold that "when the applicability of an insurance policy to a particular occurrence is the question, the amount in controversy is measured by the value of the underlying claim." *Progressive Direct Ins. Co. v. Harrison*, No. 11-2493, 2011 U.S. Dist. LEXIS 173484, at *6 (W.D. Tenn. Dec. 12, 2011) (quoting *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002)); *see also Budget Rent-A-Car v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (valuing the

3

plaintiff's declaratory judgment action based on "the value of the underlying potential tort action."); *Grange Mut. Cas. Co. v. Safeco. Ins. Co. of Am.*, 565 F. Supp. 2d 779, 784 (E.D. Ky. 2008) (concluding that, in declaratory judgment actions, the value of the underlying claim is the amount in controversy).

14. Here, Plaintiff (the insurer of Defendant's properties), filed suit against Defendant seeking a declaration, in part, "that the policy does not obligate [Plaintiff] to pay for amounts in excess of the amounts it has paid to date, except for any recoverable depreciation if permitted by the policy[.]" (*See* Complaint, Wherefore Clause following ¶ 27, p. 10, at ¶ 4).

15. Plaintiff's Complaint alleges that it made two payments to Defendant. First, a payment totaling $247,038.43 (*see id.*, p. 3, at ¶ 8), and second, a payment totaling $6,443.83. (*Id.*, p. 4, at ¶ 11).

16. Defendant has estimated that the amount of the loss sustained to its insured properties to be, at a minimum, $1,161,646.35—a figure that it provided to the Plaintiff/Insurer in November 2022.

17. Accordingly, the "value of the consequences" that may result from the instant litigation—*i.e.*, the value of the underlying insurance claim, less the Plaintiff/Insurer's prior payments, as alleged in its Complaint—totals at least $908,164,09.

18. Thus, the amount in controversy in this action clearly exceeds $75,000, exclusive of interest and costs.

## JURISDICTIONAL REQUIREMENTS

19. This case is a civil action within the meaning of the Act of Congress relating to the removal of causes.

20. Defendant has not previously removed this action and has previously sought no similar relief.

21. Defendant reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses that may independently support a basis for removal.

22. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be served promptly upon Plaintiff's counsel, and a Notice of Filing Notice of Removal is being filed in the Chancery Court for Knox County, Tennessee, at Knoxville. A true and correct copy of this Notice of Filing Notice of Removal is attached hereto as ***Exhibit 2***.

Respectfully submitted,

McWHERTER, SCOTT & BOBBITT PLC

s/ J. Brandon McWherter
J. BRANDON McWHERTER #21600
brandon@msb.law
JONATHAN L. BOBBITT #23515
jonathan@msb.law
341 Cool Springs Blvd., Suite 230
Franklin, Tennessee 37067
T: (615) 354-1144
F: (731) 664-1540

CLINTON H. SCOTT #23008
clint@msb.law
54 Exeter Rd., Ste. D
Jackson, Tennessee 38305
T: (731) 664-1340
F: (731) 661-1540

*Attorneys for Defendant*

# **CERTIFICATE OF SERVICE**

       I hereby certify that I have served a true and exact copy of the foregoing Notice of Removal has been mailed electronically via the Court's electronic filing system, to all counsel of record on this the 10th day of May, 2023:

       Parks T. Chastain
       BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC
       545 Mainstream Drive, Suite 101
       Nashville, TN 37228

                                           s/J. Brandon McWherter